Our third and last case this morning is People v. Beeler. That's case number 411-0217. For the appellant we have Barbara Gobin and for the appellee, David Manchin. And you may proceed. Barbara Gobin May it please the Court, Counsel. My name is Barbara Gobin. I represent the defendant, Mr. Beeler. This is an appeal of a March 9, 2011, commitment order post not guilty by reason of insanity determination. As a preliminary issue, since the Supreme Court in People v. Harrison said you can't appeal an NGRI determination, but this is an appeal of the commitment order, so this Court has jurisdiction over this matter. The first, and we would argue that since this is an issue of the application of the law and not whether there's sufficient evidence to issue it, the standard of review should be do no vote. The first issue is whether, in this case, there was basically a stipulated bench trial and whether that complies with the Illinois law with regard to due process, Section 55204, which is proceedings after acquittal, but after finding him not guilty by reason of insanity, and basically the mental health code. As you well know, because a commitment, you know, post a determination that someone's found not guilty by reason of insanity, as pursuant to the Supreme Court, they're acquitted, you know. So the next step is a commitment hearing, and basically under the code and under Illinois law, there should be a full proceeding because they're entitled to the due process rights because the commitment basically deprives their liberty interest. There was a hearing, wasn't there not? Right, but I would argue that the stipulated bench, the proceeding on March 9th didn't comply with basically the state's duty to present clear and convincing evidence. The defense counsel stipulated to the report. Well, it stipulated to the finding of the report, not to the whole report, and the report was never entered into evidence. It was never entered in the record. I had to track down the report and do it as a motion to supplement the record. So in this case, the defense counsel stipulated to the finding of the report. The state stipulated to the report the judge found the person committed for a period of 60 years without, and I'll get to this later, without doing any disclosure of waiver, of what rights he was waiving, or confirmation from the defendant, whether he understood that this was a commitment for a period of 60 years and whether he recognizes that he's waiving his right to cross-examine, or basically because the report was never entered into evidence, and they stipulated just to the finding whether the state proved its case by clear and convincing evidence. Since the filing of my original brief, I addressed this in the reply. The 5th District and Johnson addressed this issue for the first time under Illinois law that we stipulated bench trials after post-NGRI determination. And they stated that the stipulation in that case was comply with due process in Illinois law because basically the report was entered into evidence and there was a statement by the attorney that the client agreed to the outcome. In this case, and I may be splitting hairs, but I think there's a big issue if you stipulate to a finding that someone's committed and stipulate it to the evidence. I think if you stipulate to a finding, you take away that judicial determination and also the parentis-parenti role of the court to determine whether the person meets the standards for the commitment. The trial court did not know that the defendant had had 43 admissions to various hospitals since 1987. He'd been diagnosed with schizoaffective disorder, bipolar type, a history of polysubstance abuse, alcohol, cocaine, cannabis, and antisocial personality disorder. The trial court didn't know any of that? Well, they stipulated to the finding, not to the report. He probably knew that, but the report was never filed in the court record. Why do you say he probably knew it then? Well, I mean, it seems from the thing that there was that report there, but I don't know. It's not clear on the record whether he had the report on his hands or not, the judge. So I wasn't there, but they stipulated to the finding and not to the facts supporting to the finding. But even if, and the argument also was under the, as a post-5-2 procedure, post-acquittal, they go by the mental health code. And the mental health code does not allow stipulations of evidence. And because commitment is a statutory and not a common law right, the court should go by, should have strict compliance with what the mental health code says. What precise language are you referring to regarding the mental health code? Well, the mental health code does not allow, well, does not authorize the stipulation of evidence. It's omitted. What section of the mental health code are you referring to? Well, it doesn't address the issue of stipulations. So, basically, because it doesn't… Because it doesn't bar stipulations, you're just saying it doesn't say anything about stipulations. Right, but if… This is a civil case. Why can't you stipulate? Because a mental health, because a mental health commitment is not by common law right to admit someone, it's by statutory right. So… So if it doesn't say anything in the statute, you can't do it. Basically. That is an amazing argument to make. Our statutes, the multi-volume statutes that we have do not spell out everything. There are things that you do that are not listed in the statute books. And perhaps I'm being extreme on my position on that, but that's basically, you know, because commitment is special, you know, you only have the power of commitment through the statute. There is a section 53807, which requires expert testimony before commitment, and that it can be waived by the agreement of the respondent. In Johnson, basically, though it doesn't say that directly, I would argue that they stated that the expert's report was basically substantial compliance with the expert's testimony requirement. But as I stated before, there's differences between this case and Johnson. In Johnson, the attorney said that the client had no objection to this issue. The report was entered into evidence. And as I'll get to later, the attorney advocated for a lesser theme date, so there was some advocacy by the attorney. But one of the key, even if the trial court is allowed to do a stipulated bench trial in these commitment cases, I think it's not a burden for the trial court to comply with due process law, to verify with the person to see if they agree with the stipulation, with the waiver of their right to cross-examine, with the right to the state to present clear and convincing evidence, or the right for him to present evidence. I mean, it's not a burden to, if someone's being committed for 60 years, to follow the basic due process of a waiver of rights to inform them. I'd like something more that would apply to someone who's been found guilty instead of not guilty. Doesn't it? Yeah, I mean, well, there's the section, you know, I guess I use the analogy because there was really no case law about the stipulated bench trials of the stipulated bench trial in a criminal case, and that's the Supreme Court rule, I think, 400. You know, and you do have the prior consequences of the guilty plea versus, you know, a commitment which is purely civil. But if you consider a commitment is depriving a person's liberty for a period of 60 years, I think it's substantial enough that it's not just a normal regular civil order where, you know, there could be a stipulation. And, you know, I think it's not too burdensome for the trial court to inform them, this is what's been agreed to, a stipulation that you're going to be committed for this period of time. Do you agree to this? And to inform them of the consequences of agreeing to this commitment. Now, the state argues, well, there's no prejudice on this issue because of his lengthy history. But if you look at the report, it states actually he was taking his medication, he had no violent outbursts, there was no, he wasn't cribbing during that 18 months. So there could have been a question of fact whether he was sufficient to do outpatient treatment order, which is basically a super probation or not. So, and furthermore, there is an issue of prejudice because once there's this commitment order during the next 60 year period, for him to be discharged or released from the hospital, he has the burden of proof by clear and convincing evidence that he's no longer dangerous. And I've encountered through doing these appeals in trial courts, even when the psychologist says he's no longer dangerous, the trial court still continues to commit the person. So the burden of proof after this initial commitment hearing from then on, is actually to the defendant to prove to the court he's no longer dangerous. And, you know, the issue here is, you know, the hearing is to protect these potentially vulnerable populations, people who are mentally ill, to basically inform them of when you have a summary trial like this, of what rights, you know, it's interesting at the end of the hearing they say, oh, we can inform you of your right to appeal. During that proceeding, the state said, oh, you know, the trial court informed him of his right to appeal, but didn't inform him of what he was agreeing to through the stipulation or allowing counsel to enter into the stipulation. Further, the issue too is whether counsel was effective here. You know, there is the Strickland argument of, you know, proving prejudice. But there is a case, Shelton, which was a post-NGRI, actually that was a petition hearing. You know, they have to have, prejudice doesn't have to be proven when there's no advocacy by the defense attorney. And actually, this is one of the most interesting quotes. When they did the legislature and required an appointment of counsel in this section, the governor's commission said just because a person is mad and bad, they are still entitled to counsel. And here, counsel did not do any advocacy for the client with regard to having the state to prove that there was sufficient evidence for commitment and also, you know, with regard to the determination of the theme date. In the recent case in Johnson, the 5th District, they said there was some advocacy because the attorney argued about the amount of theme date period. In this case, there wasn't even that. And then you say, well, in this case, it was overwhelming evidence, you know, that you could perhaps argue that he should be committed. But sometimes, and I know this practical speaking, is if the person faces the judge and the judge says, I'm going to commit you, but if you take your medicine and do this and this and this, you'll show, you know, you'll be toward improvement. And sometimes the clients, not all the time, but sometimes the clients will listen to a judge more than the counselor or the doctor and will do steps toward improvement. In this case, it just may be because I'm so used to doing the civil commitments where there's a full hearing. When I looked at this hearing where this person gets committed for such a long period of time and there's no, the state really presented, you know, both parties stipulated to the finding, not even to the report, it just seems that, you know, at least at the very minimum, the defendant should have been informed of what was the consequences of entering this stipulation. So, I know this is a very obscure area of the law. There's not really that much precedent in this. And, you know. The judge did talk to the defendant quite a bit, didn't he? He talked to the defendant with regard to the determination of the NGRI finding, but not to the separate commitment. So, I put that difference in because it showed that the judge knew to get the client's approval with regard to the NGRI determination. But it left off this guidance of informing the client with regard to this commitment. When you talk about the Thiem finding, what is that? Oh, it's versus, sorry. It's people versus Thiem. It's a first district case. Basically, after a person's committed, then there's another, there's a determination of the maximum period of commitment. Under Illinois law, if you're found guilty of, not guilty by reason of insanity, your period of commitment is the maximum time minus good behavior plus a six-month credit. Because this was a murder, and there was, I don't think the good time credit, so he was. So, the 60 years you're talking about is the max? Well, that's how he's committed for 60 years. There's no possibility he could be released short of 60 years? The possibility is that after the end of six months, he can file a petition for discharge. Then it's his burden of proof that he has to prove he's no longer dangerous. So, he could be released after six months? Right, but he has a burden of proof to prove that he's no longer dangerous. But that's the statute. We can't rewrite the statute. Oh, no, no, no. But I think he should probably be informed that this is going to be the consequence of you agreeing to this. And I understand the issue of judicial economy and not going through a court case, and people have busy dockets, but I don't think it's an unfair burden to ask the trial court to do the basic information about the rights. And also, I'm not an expert on stipulations, but I don't think the stipulation was probably even proper because it wasn't reduced to writing either. So, you have that issue, too. Thank you for your time. Okay, you'll have rebuttal. Okay. Mr. Manchin? Good morning, Your Honors. Good morning. This is the Court Counsel. I think this case is governed directly by the People v. Johnson, which the defendant has cited in her reply brief. In that case, the Court specifically addressed the questions of, one, can you stipulate to the doctor's report in this type of proceeding? Two, do you have to admonish the defendant or get his approval of that stipulation? And three, is it ineffective to counsel to proceed in this manner? The court in Johnson said, one, yes, you can stipulate. The Mental Health Code says you can waive the presence of the live witnesses. If you're waiving the presence of the witness, the only way you can get the testimony there is through stipulation unless you're doing away with the need for evidence altogether. So, the ability to waive live testimony necessarily means you can stipulate to this. And there's nothing in the Mental Health Code that says you cannot stipulate to it. And Johnson specifically addresses that and says, yes, you can have it stipulated in this trial in this type. It also says that you don't have to, the Rule 402 admonitions to the defendant are not required, and that you don't have to get the defendant's approval of the agreement. I think as far as the admonitions, this Court can also look to the cases, I cited in my brief, under the Sexually Dangerous Persons Act of Bramlett and Pembroke. The Court said that in those types of proceedings, it is proper to stipulate to the doctor's opinion that the guy is a sexually dangerous person, and that you don't need to admonish the defendant or get his approval of that stipulation. I think those are illustrative and support the decision in Johnson that no admonitions are required, and no agreement with the defendant is required. Regarding the stipulation, the exact terms of the stipulation you can find on A5 of the Appendix 2 Defendant's Brief. The Defendant's Counsel stipulates to a finding in the report, the State's Attorney stipulates to the same report, and the Court says, and I'll quote, based on that report that's been submitted, and the parties, I do make a finding that Mr. Bieler is in need of mental health services on an inpatient basis. So any claim that the Court did not see or did not have, the record is refuted by that statement right there, and by the Court's written order, which states that based on the report, the defendant is in need of inpatient services. This is not a case where they stipulated that the defendant is in need of mental health or is in need of commitments. It's stipulated to the doctor's opinion and the doctor's report, and the trial court had to make the determination based on that report whether or not the defendant was in need of commitments. And I think the report overwhelmingly shows that this guy does need commitments. Well, the Court, did the Court have the report because opposing counsel seems to suggest that there was some question? Well, the report was not included in the original, apparently it was not included in the original record filed in the appeal, but the trial court does say based on the report that's been submitted, this is direct quote from his comments at the bench, and then in his written order he also says based on the report. So I submit that the report was there, but just for some reason it just did not get included in the appellate report, or the final version sent to the appeal. I think this case is on all fours with Johnson, and that Johnson should be followed. And in regards to People v. Shelton, or the Shelton case, in that case they found prejudice. It did not say that you do not have to show prejudice. They found prejudice. In that case, the defendant filed a motion for discharge. Defense counsel says, oh, I didn't know the defendant could file a motion for discharge. I don't oppose the State's motion to dismiss. The case is dismissed, and there's no discussion at all, or no analysis by the Court at all regarding the defendant's continued need for commitment. And that was the prejudice found, was that there was no determination as to the need for continued commitment. They expressly said that there's prejudice. Here, there was a finding, and the Court, there was evidence as to the defendant's need for commitment, and a finding as to the need for commitment. So that the prejudice required even by Shelton has not been established in this case to show ineffective assistance of counsel regarding commitment proceedings. Only one other further question. With regards to the Supreme Court admonitions in Rule 402, they simply do not apply. The rule, by its term, applies to criminal cases, and this is a self-proceeding. And as stated in Bramlett and Pembroke, that would have no application here to this civil proceeding whose purpose is not punishment. So I submit that the judgment below should be affirmed by this Court. Okay, thank you, counsel. Rebuttal, please. Just to clarify a couple points, Section 53807 of the Mental Health Code requires an expert witness to testify before a person becomes committed. And it allows the waiver of the expert witness's testimony. It doesn't allow the waiver of all evidence or all witness's testimony. If the Mental Health Code wanted the waiver of all evidence by stipulation or a non-expert witness's thing, it would have stayed in the Mental Health Code. With regard to the 402 admonishments, my reply, I stated because of the Johnson decision, I'm not going to further require or argue that. I think that's probably a dead horse, to be honest. But the state didn't address that under the mental health law precedent, due process rights aren't supposed to be waived lightly. And this one I would argue that Johnson should be distinguished because there is a line of case law that if someone waives a basic due process right, they should be informed of what rights they're waiving and the consequences of what rights they're waiving. So it's a knowing and voluntary waiver. So basically, I think, I'm not an expert on this, but I think 402 was basically to comply with the due process requirement. And I think, I won't argue that 402 because it's a criminal code. I put it as more of an analogy. Should not apply here, but the basic due process informing should apply. And just to clarify, on the docket order of March the 9th, the judge orders cause, call, and status hearing by agreement of the parties, inpatient, mental health services is granted. And that was the docket order entered in this case. And the written order doesn't say that anything was stipulated to the March 9th order. It just says there was a finding. So, you know, if you look at the March 9th thing, the judge kind of considers this an agreed commitment order. But how can you have an agreed commitment order if the defendant doesn't personally agree to it? And then the issue of predicate. The judge, let's see, they committed the fellow, and then he was examined by the doctor. No, once you're found not guilty by reason of insanity, section 522 in that code mandates that there has to be examination by DHS, by a doctor. And that there has to be a hearing within 30 days for the commitment. And that's a new, it should be a new blank slate, a new hearing. After he was found not guilty by reason of insanity, he was placed at McFarland, right? Right. And examined by a doctor? Right. And then they come back into court, and the doctor's report, you say just the findings. Mr. Manchin says the report were admitted by stipulation before the court. Right. And then the court enters the final order that's appealed from him. Right. And it's not just a simple docket order, is it? No, but I put the docket order to say that it was an agreed order for commitment. I don't know if it really was a valid agreed order if the person never, you know, verbally stated, I agree to this commitment or was informed of the consequences of it, and filed a pro se notice of appeal six days later. We've got what the judge said, which he said, I do make the finding that Mr. Buehler's in need of mental health services, right? Right. So I think when you're saying, you're giving too much attention to the docket order, it seems like, and ignoring what the trial court actually did. Right. But, and, but the key answer, if you don't mind, you know, I think the key thing that kind of took me back on this case, and if you think about it, if you take a step back, is that someone's being committed for a period of time without being informed of the consequences of it. You don't have your lawyer told him what was going on? I don't know. There's nothing on the record. There's no signature by him. There's nothing verbally saying. That's why you have lawyers. Right. And then you get to the issue of ineffective assistance of counsel. In Johnson, they found it wasn't ineffective assistance of counsel because counsel argued in some point for the defendant. They argued about the determination, the theme date. Here, counsel did not do any argument, did not do any advocacy. Okay, counsel, you are out of time. I'm sorry. Thanks to both of you. The case is submitted, and the court is in recess until after lunch.